## DORA *v.* KROGER COMPANY.

1. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE.

   All of plaintiffs' testimony must be viewed most favorably to the plaintiff in making determination as to whether or not defendants' motion for directed verdict was properly granted.

2. NEGLIGENCE—DEFECT IN PRIVATE PARKING LOT AND SIDEWALK—QUESTION FOR JURY.

   Rule that depressions or defects in a sidewalk which is less than 2″ in depth as a matter of law is nonactionable in an action against a municipality is not extended to an action arising from injuries received from defect in private parking lot and sidewalk, the matter of negligent maintenance of private property being a question for the jury (CL 1948, § 242.1).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 886.
[2] 24 Am Jur, Garages, Parking Stations, and Liveries § 43.
   Liability of owner or operator of parking lot or station for personal injuries. 14 ALR2d 780
[3] 38 Am Jur, Negligence § 94.

3. SAME—LEASED PREMISES.

> Lessor *held*, as a matter of law not liable to plaintiff business invitee on premises leased to defendant grocer, where record fails to show evidence that lessor constructed the parking lot with a rise of 1/2 inch to the sidewalk, or what the condition was at the time of the lease, and defendant grocer controlled the maintenance and use of the premises during the lease.

Appeal from Wayne; Fitzgerald (Neal), J. Submitted Division 1 April 6, 1965, at Detroit. (Calendar Nos. 264, 265.) Decided July 19, 1965.

Declaration by Gladys Dora against Kroger Company, an Ohio corporation, and Borman Realty Company, a Michigan corporation, for injuries allegedly sustained when plaintiff fell in a parking lot used and owned by defendants. Derivative action by Perry Dora. Judgment for defendants. Plaintiffs appeal. Affirmed in part and reversed in part.

*David H. Fried* (*Norman L. Zemke,* of counsel), for plaintiffs.

*William J. Giovan,* for defendant Kroger Company.

*Cary, BeGole & Martin* (*David V. Martin,* of counsel), for defendant Borman Realty Company.

T. G. KAVANAGH, P. J. Suit by Gladys Dora for personal injuries, and by Perry Dora for medical expenses and loss of consortium, consolidated for trial and appeal.

Plaintiff Gladys Dora fell when she stepped on the rise of one-half inch between the sidewalk and the parking lot when she was going shopping in defendant Kroger's grocery store. Defendant Borman leases the property to the defendant Kroger Company.

Plaintiff's suit alleges negligence on the part of defendant Kroger in failing to maintain the parking

area and entrance to its store in a safe condition for its customers. Plaintiff alleges that defendant Borman leased the premises to the Kroger Company knowing them to be unsafe for the purposes for which leased.

At the conclusion of plaintiff's proofs on liability, the defendants' motions for directed verdicts[1] were granted by the trial court on two grounds: (1) That the proofs did not establish the cause of the injury, and (2) that the 2-inch rule which applies to sidewalks in suits against municipalities also applies to a business invitee on private property.

This appeal tests the propriety of the directed verdicts.

Considering first the 2-inch rule question we find ourselves in disagreement with the trial court.

"The 2-inch rule" is a standard of reasonable care for a governmental body respecting its responsibility under CL 1948, § 242.1 (Stat Ann 1958 Rev § 9.591).[2] Its history is recited in *Harris* v. *City of Detroit* (1962), 367 Mich 526 at page 529 in the dissenting opinion of Justice Adams. The rule briefly stated is that a depression or defect in a sidewalk which is less than 2 inches in depth as a matter of law is nonactionable in a suit against a municipality.

The rationale of the rule to some extent includes the idea that municipalities—even the smallest—are not reasonably expected to know of every defect in its streets or sidewalks—and the court has arbitrarily fixed the 2-inch mark as the minimum defect it will examine for negligent maintenance.

This "de minimis" approach has not been applied to any private property of which we have knowledge, and not wishing to impinge on the prerogatives of the jury, we decline to apply it here.

---

[1] See currently GCR 1963, 515.1.—REPORTER.
[2] Superseded by PA 1964, No 170 (CL 1948, § 691.1401 *et seq.* [Stat Ann 1965 Cum Supp § 3.996(101) *et seq.*]).—REPORTER.

So too on the cause of the injury. On this motion for directed verdicts by defendants all of the plaintiff's testimony must be viewed most favorably to the plaintiff. Under this interpretation the cause of Mrs. Dora's fall was the turn of her foot when she stepped on the rise.

Was it unreasonable to permit a one-half inch rise between the parking lot and the sidewalk?

This is a question for the jury under the holdings in *Ackerberg* v. *Muskegon Osteopathic Hospital* (1962), 366 Mich 596, and *Kroll* v. *Katz* (1965), 374 Mich 364 and cannot be determined as a matter of law by the court.

As to the defendant Borman, however, there is a different question presented. As the lessor of the property Borman was responsible only for the condition of the property at the time the lease was entered into. The maintenance and use were under Kroger's control.

The record is devoid of evidence that Borman constructed the parking lot or sidewalk, or what the condition was at the time of the lease. Under the authority of *Bluemer* v. *Saginaw Central Oil & Gas Service, Inc.* (1959), 356 Mich 399, there must be some evidence upon which could be based a finding that a defective condition existed at the time of the lease.

There being no evidence of the time of establishment of the alleged defect the trial court was correct in directing a verdict for the defendant Borman.

Affirmed as to defendant Borman, with its costs, and reversed as to defendant Kroger and remanded for trial. Appellant is awarded costs against defendant Kroger.

Holbrook and McGregor, JJ., concurred.