MAMIE GLEASON, Plaintiff-Appellant, v. THE CITY OF CHICAGO, Defendant-Appellee.

First District (1st Division)   No. 1—88—1936

Opinion filed November 6, 1989.

Ernest K. Koehler, of Chicago, for appellant.

Judson H. Miner, Corporation Counsel, of Chicago (Ruth M. Moscovitch and Mardell Nereim, Assistant Corporation Counsel, of counsel), for appellee.

JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff, Mamie Gleason, appeals from an order granting summary judgment in favor of defendant, City of Chicago (the City), in an action alleging that the City had been negligent in maintaining its sidewalks, causing plaintiff to fall and to incur personal injury. On appeal, plaintiff contends that the trial court erred in determining, as a matter of law, that the alleged sidewalk defect was too slight to be actionable. For the following reasons, we affirm the judgment of the trial court.

The pleadings set forth the following information. On September 15, 1986, approximately 3 p.m., plaintiff was walking east on Oak Street in Chicago when her toe allegedly got caught in a ¼-inch crack on the sidewalk in front of Henrotin Hospital, causing her to fall and to incur an injury. In her discovery deposition, plaintiff stated that the accident had occurred approximately one block from her home on a beautiful, sunny day. She further stated that she was familiar with the area and had walked by the hospital every day for the past nine years. The sidewalk area in question is double the width of the average sidewalk and consists of two sidewalk slabs placed side-by-side. Immediately prior to the accident, plaintiff had been walking on that half of the sidewalk closer to the building and then decided to walk on the half closer to the street because she wanted to walk in the sun. At the time, there were no other pedestrians on the sidewalk. Plaintiff further stated that she was aware that the part of the sidewalk which was in the sun was in a deteriorated condition. After she fell, plaintiff asked a passerby to get someone from inside the hospital to help her stand up. She was then admitted to the hospital and treated for a fractured right patella.

The City moved for summary judgment on the ground that it owed no duty to maintain minimal sidewalk defects such as a ¼-inch crack. Predicated primarily on plaintiff's description of the crack, the trial court granted the City's motion and entered summary judgment in the City's favor. Plaintiff's timely appeal followed.

The sole issue before this court is whether the trial court properly determined, as a matter of law, that the ¼-inch crack in the sidewalk was too slight to be actionable. Although municipalities have a duty to maintain their property in a reasonably safe condition, including keeping sidewalks and streets safe for the purposes for which they are intended (*Repinski v. Jubilee Oil Co.* (1980), 85 Ill. App. 3d 15, 405 N.E.2d 1383), they do not have a duty to keep all sidewalks in perfect condition at all times. (*Arvidson v. City of Elmhurst* (1957), 11 Ill. 2d 601, 145 N.E.2d 105; *West v. City of Hoopeston* (1986), 146

Ill. App. 3d 538, 497 N.E.2d 170.) In fact, slight defects frequently found in traversed areas are not actionable as a matter of law. (*Arvidson v. City of Elmhurst* (1957), 11 Ill. 2d 601, 145 N.E.2d 105.) However, there is no mathematical formula or bright line test for determining what constitutes a slight defect. Instead, courts rely on the general rule that a sidewalk defect is actionable only when the defect is such that a reasonably prudent person should anticipate some danger to persons walking on it. *Arvidson v. City of Elmhurst* (1957), 11 Ill. 2d 601, 145 N.E.2d 105; *West v. City of Hoopeston* (1986), 146 Ill. App. 3d 538, 497 N.E.2d 170; *Repinski v. Jubilee Oil Co.* (1980), 85 Ill. App. 3d 15, 405 N.E.2d 1383; *Walter v. City of Rockford* (1947), 332 Ill. App. 243, 74 N.E.2d 903.

■ In the present case, plaintiff contends that it cannot be said that all reasonable persons would agree that the ¼-inch crack which caused her fall is so minor that the City could not reasonably foresee any danger to a pedestrian. In support of her position, plaintiff emphasizes the facts that the area in which she fell was a "heavily traversed" and "heavily congested" area and that the general area of the sidewalk where she fell consisted of uneven, cracked and decayed slabs.

Although courts have noted that the location of the defect is a determining factor as to whether a defect is actionable (*Warner v. City of Chicago* (1978), 72 Ill. 2d 100, 378 N.E.2d 502), the record does not support plaintiff's characterization of the area as "heavily traversed" or "heavily congested." In fact, the evidence explicitly contradicts this characterization. At her deposition, plaintiff testified that there were no other people walking on the sidewalk at the time of her accident in the middle of the afternoon.

With respect to plaintiff's reference to other broken or cracked sidewalk slabs in the area, the presence of this general condition is irrelevant to the issue at bar because the surrounding conditions did not cause her fall. At her deposition, plaintiff specifically stated that her toe had stubbed a ¼-inch crack, causing her to fall. Thus, the fact that there were other larger cracks or holes nearby is irrelevant to the cause of her fall.

Further, plaintiff's reliance on *West v. City of Hoopeston* (1986), 146 Ill. App. 3d 538, 497 N.E.2d 170, for her position that the general area of the sidewalk should be considered is misplaced. In *West,* plaintiff fell on a portion of a public sidewalk which had small chipped rocks in it and numerous cracks. The *West* court noted that although the ¼-inch difference between the levels of the two sidewalk slabs was slight, the two-inch broken area with small chipped rocks be-

tween the two slabs where plaintiff fell was sufficiently wide that a reasonable person could anticipate danger to persons walking on it. By contrast, in our case, any chipped rocks or holes in the general area did not cause plaintiff's fall. Pursuant to plaintiff's own deposition testimony, the cause of her fall was a 1/4-inch crack.

■■ Plaintiff further claims that in order to avoid walking upon any of the cracks in the sidewalk, she would have had to select the equally unsafe alternative of walking in the street. Again, the record contradicts plaintiff's argument. The photographs in the record indicate that the sidewalk on the side of the street where plaintiff fell consisted of two concrete slabs placed side-by-side. The photographs further indicate that the slabs closer to the building were smooth and seemingly crack-free. At her deposition, plaintiff stated that, just prior to her fall, she had been walking on that half of the sidewalk closer to the building, but decided to move to that half closer to the street so that she could be in the sun, even though she knew that that half of the sidewalk closer to the street was in a deteriorated condition. Although plaintiff never indicated of what legal significance an unsafe alternative route was, the significance is irrelevant in light of the fact that there was a safe alternative route available.

The City relies on *Walter v. City of Rockford* (1947), 332 Ill. App. 243, 74 N.E.2d 903, and *Cooks v. United States* (7th Cir. 1987), 815 F.2d 34. In *Walter,* plaintiff was walking with a friend when her toe caught on a one-inch rise between two sections of the sidewalk, causing her to fall. In finding that there was a 3/4-inch wide crack between two sidewalk slabs and one slab was approximately one inch higher than the other, the court held that the defect was so slight that no reasonable mind could foresee that an injury would result to a pedestrian upon this sidewalk.

Similarly, in *Cooks v. United States* (7th Cir. 1987), 815 F.2d 34, plaintiff's heel caught on a 1/2-inch elevated sidewalk slab in front of the Federal Archives and Record Center, causing her to fall. In applying Illinois law, the court held that the defect was too minor to be actionable. In the present case, the size of the crack is even smaller than that in *Walter* and in *Cooks.*

In attempting to distinguish *Cooks,* plaintiff points to the following statement made by the *Cooks* court: "[I]nvestigation further revealed no broken concrete or loose concrete or separations in the sidewalk which might have caused Cooks' fall." (*Cooks,* 815 F.2d at 35.) Plaintiff claims that this observation suggests that had the sidewalk in *Cooks* contained the defects present in our case, the defects would have been considered substantial enough to impose liability on

the City. Contrary to plaintiff's interpretation, the *Cooks* court's statement was merely a statement of fact that served only to substantiate the conclusion that the ½-inch elevated sidewalk slab had caused the plaintiff's fall.

Those cases relied upon by plaintiff to support her position that the ¼-inch crack is actionable are distinguishable by the nature of the defects in those cases. *Arvidson v. City of Elmhurst* (1957), 11 Ill. 2d 601, 145 N.E.2d 105 (two-inch sloping height variation in sidewalk slabs located near the curb on a heavily traversed business street); *West v. City of Hoopeston* (1986), 146 Ill. App. 3d 538, 497 N.E.2d 170 (although a ¼-inch difference in level between two sidewalk slabs was found to be slight, the two-inch wide broken area between the slabs was sufficiently wide to be actionable); *Repinski v. Jubilee Oil Co.* (1980), 85 Ill. App. 3d 15, 405 N.E.2d 1383 (depressed area in sidewalk/gasoline station driveway was 1½ feet in diameter and 1½ inches deep); *Warner v. City of Chicago* (1978), 72 Ill. 2d 100, 378 N.E.2d 502 (two-inch elevation between sidewalk slabs with ½-inch fresh snow covering).

For the aforementioned reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

BUCKLEY and O'CONNOR, JJ., concur.