KIMBERLY HARTUNG, Plaintiff-Appellant, v. MAPLE INVESTMENT AND DEVELOPMENT CORPORATION *et al.*, Defendants-Appellees.

Second District   No. 2—92—0457

Opinion filed April 15, 1993.

Lloyd E. Dyer, Jr., of Mountcastle, Kelly & Dyer, P.C., of Wheaton, for appellant.

Mary T. Nagel and Michael Resis, both of Querrey & Harrow, Ltd., of Chicago, for appellee Maple Investment and Development Corporation.

John M. Barnes and Steven M. Tefft, both of Law Offices of John M. Barnes, of Chicago, for appellee Famous Industries.

PRESIDING JUSTICE INGLIS delivered the opinion of the court:

Plaintiff, Kimberly Hartung, appeals from the circuit court's order of March 18, 1992, granting summary judgment to defendants, Maple Investment and Development Corporation (Maple) and Famous Industries, a/k/a Famous Liquors (Famous). We affirm.

Plaintiff's negligence complaint filed on April 9, 1991, alleged that she was a business invitee who had tripped on a raised portion of a sidewalk near Famous' store located in a shopping center owned and managed by Maple. The store was located in a shopping center near the corner of Main Street and Roosevelt Road in Lombard, Illinois. Plaintiff complained that, as a result of defendants' alleged negligence in permitting the sidewalk to be in a dangerous condition, plaintiff fell and sustained injuries on April 14, 1990.

In her deposition, plaintiff testified that, on a clear evening when it was still light out, she was walking her dog. She could not remember what time it was. She was on her way to visit her husband, who worked part-time at a drugstore just past the Famous liquor store which was located a couple of blocks from her house. All of a sudden, her foot hit a raised part of the sidewalk, and she went down, falling forward on her hands. She had walked on that sidewalk probably twice that year and three or four times during the prior year. She stated that the sidewalk was wider than a standard sidewalk and that she fell somewhere toward the center of the walk. There was no problem with the lighting and nothing blocking her view.

Plaintiff had never noticed the elevated section of the sidewalk before this incident. She could not remember which foot hit the raised portion, nor could she remember exactly what her legs were doing as she fell. She did not examine the sidewalk immediately after her fall. A couple of days after her fall, she went back to examine the sidewalk with her husband. They did not have a measuring stick, but they estimated that there was one-half-inch to three-fourths-of-an-inch difference in the elevation between two slabs of the sidewalk area where she fell. Photographs of the sidewalk were submitted in support of defendants' motion for summary judgment.

On March 18, 1992, the trial court heard oral arguments on the defendants' motion. The court examined the photographs of the sidewalk which appear to have been marked by plaintiff at her deposition.

The court was informed that no one had actually ever measured the difference in the grade between the slabs at the time of the occurrence and that the area had been repaired since the time of plaintiff's deposition.

Defendants argued that, under the Illinois rule, a sidewalk deviation one-half inch to three-fourths of an inch high is such a minor defect that it is *de minimis* and, as a matter of law, cannot be the basis of a negligence action. (See *Warner v. City of Chicago* (1978), 72 Ill. 2d 100, 103-04, citing *Arvidson v. City of Elmhurst* (1957), 11 Ill. 2d 601, 604 (municipality has no duty to keep all sidewalks in perfect condition; slight inequalities in level or other minor defects frequently found in traversed areas are not actionable).) Plaintiff argued that the facts presented a jury question and the minor defect rule should not be applied to situations where a publicly used sidewalk belongs to private landowners. The court granted defendants' motion.

On appeal, plaintiff again argues that the court should not have decided the question as a matter of law and that it was error to grant summary judgment to defendants. Plaintiff also claims that the minor defect or *de minimis* rule applies only to municipalities and should not be applied to a case involving a sidewalk which is privately owned and part of a shopping mall. This latter question appears to be one of first impression in this jurisdiction.

We first decide whether the *de minimis* rule applies to this set of facts without regard to ownership or control of the premises. We must decide whether a one-half to three-fourths-of-an-inch difference in the elevation of two slabs of a sidewalk constitutes a defect so minor that the negligence action should be barred as a matter of law.

"A complaint for negligence must set out the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately resulting from the breach." (*Eckhardt v. Kirts* (1989), 179 Ill. App. 3d 863, 870.) A duty is an obligation imposed by law which requires one to conform to a certain standard of conduct for the protection of another against an unreasonable risk. (*Fancil v. Q. S. E. Foods, Inc.* (1975), 60 Ill. 2d 552, 554.) The determination of whether a duty exists is a question of law. (*Kirts*, 179 Ill. App. 3d at 870.) The primary factors that a court considers in determining the existence of a duty include:

> "(1) the foreseeability of injury to the plaintiff as a result of defendant's actions or inactions; (2) the magnitude of the burden to defendant of guarding against the injury and the consequences of placing that burden on the defendant; and (3) the

currently prevailing public policies and social attitudes of the community." *Leesley v. West* (1988), 165 Ill. App. 3d 135, 141.

In determining whether a legal duty exists, the occurrence involved must not have been simply foreseeable; it must have been *reasonably* foreseeable. The imposition of a legal duty requires more than a mere possibility of occurrence. " 'Not what actually happened, but what the reasonably prudent person would then have foreseen as likely to happen, is the key to the question of reasonableness.' " (Emphasis omitted.) *Cunis v. Brennan* (1974), 56 Ill. 2d 372, 376, quoting Restatement (Second) of Torts §16.9, at 929 (1956).

■ The *de minimis* rule barring actions against municipalities for minor defects in sidewalks is rooted in the scope of municipalities' duty to maintain their property in a reasonably safe condition. This duty includes keeping sidewalks and streets safe for the purposes for which they are intended. Municipalities do not have a duty to keep all sidewalks in perfect condition at all times. (*Gleason v. City of Chicago* (1989), 190 Ill. App. 3d 1068, 1069.) Thus, slight defects frequently found in traversed areas are not actionable as a matter of law. (*Gleason*, 190 Ill. App. 3d at 1070, citing *Arvidson*, 11 Ill. 2d 601.) However, because there is no mathematical formula or bright-line test for determining what constitutes a slight defect, and there is some diversity of opinion as to which defects are considered minor, each case must be determined on its own facts. Courts generally rely on the well-established rule that a sidewalk defect is actionable, that is, it presents a jury question, only when the defect is such that a reasonably prudent person should anticipate some danger to persons walking on it. *West v. City of Hoopeston* (1986), 146 Ill. App. 3d 538, 542.

In *Gleason* (190 Ill. App. 3d at 1070-72), a one-fourth-inch crack, in the absence of other aggravating circumstances, was too slight to be actionable as a matter of law. In *Warner* (72 Ill. 2d at 104), the court opined that, without more, a defect of 1⅛ inches in level would not be actionable because of its minimal nature. In *Walter v. City of Rockford* (1947), 332 Ill. App. 243, 251, where there was a three-fourths-inch-wide crack between two sidewalk slabs and one slab was approximately one inch higher than the other, the court held that the defect was so slight that no reasonable mind could foresee that an injury would result to a pedestrian who was exercising reasonable care for her own safety. In *Cooks v. United States* (7th Cir. 1987), 815 F.2d 34, the plaintiff's heel caught on a one-half-inch elevated sidewalk slab in front of the Federal Archives and Record Center, causing her to fall. In applying Illinois law regarding the liability of municipalities to

this Federal property, the court held that the defect was too minor to be actionable.

It is true that minor defects in a sidewalk may be actionable where there are other aggravating factors such as heavy traffic because pedestrians may be distracted and must be constantly alert to avoid bumping into each other. (See *Warner*, 72 Ill. 2d at 104.) Most recently, in *Birck v. City of Quincy* (1993), 241 Ill. App. 3d 119, the court found a discrepancy of 17/8 inches in the height of the sidewalk to be so minimal as to be nonactionable where there was no evidence that the area was congested with traffic. The court noted that the actionable "stumbling" point seems to be where the defect approaches two inches. *Birck*, 241 Ill. App. 3d at 122.

We will not review the cases cited by plaintiff because they concern defects that were over one inch or defects that were accompanied by other aggravating circumstances. Plaintiff has not pled any other aggravating circumstance in her complaint, but has specifically attributed her fall to the raised portion of the sidewalk. Based on our review of the above cases, it is clear that, if the *de minimis* rule applies to a private owner or possessor of land, the defect here cannot not be the basis of a negligence action as a matter of law since the defect was, by plaintiff's own estimate, only one-half to three-fourths of an inch high.

We next address whether the *de minimis* rule governs the liability of a private owner or possessor of land. Plaintiff cites cases involving premises liability where the injury occurs in the entry, stairway or on the floor inside a building or business establishment. It appears that in these "flooring" cases, some positive evidence of even minor defects may be sufficient to raise a factual issue for the jury rather than a question of law for the court to decide. (See *Tracy v. Village of Lombard* (1983), 116 Ill. App. 3d 563, 569; see also *River v. Atlantic & Pacific Tea Co.* (1961), 31 Ill. App. 2d 232.) However, these cases do not stand for the proposition that, for purposes of liability, outdoor sidewalks belonging to private landowners should be equated with entryways, stairways or indoor flooring. In urging this court not to apply the *de minimis* rule to private landowners, plaintiff cites no authority precisely on point.

■ Based on our own research and consideration of the issue and the facts of this case, we hold that the *de minimis* rule applies to private owners and possessors of land. A municipality is not an insurer against all accidents and has a duty only to exercise ordinary care to keep the sidewalks reasonably safe for persons exercising ordinary care. (*Arvidson*, 11 Ill. 2d at 607.) Similarly, an owner or occupier of

land is not an absolute insurer of the safety of an invitee. (See *Hutter v. Badalamenti* (1977), 47 Ill. App. 3d 561, 563.) The duty of an owner or occupier of any premises towards invitees is that of reasonable care under the circumstances regarding the state of the premises or acts done or omitted on them, and he must maintain the premises in a reasonably safe condition. Ill. Rev. Stat. 1991, ch. 80, par. 302; *Ward v. K mart Corp.* (1990), 136 Ill. 2d 132, 141.

As expressed in section 343 of the Restatement (Second) of Torts, the applicable standard of care is this:

"A possessor of land is subject to liability for physical harm caused to his invitee by a condition on the land if, but only if, he

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger." Restatement (Second) of Torts §343 (1965).

As we pointed out in our prior discussion of duty, the risk of harm must not be merely foreseeable, but reasonably foreseeable. A possessor of land has a duty to exercise reasonable care to avoid creating an *unreasonable risk* of harm to an invitee. In applying these principles to the case at bar, we conclude that the sidewalk in question did not have a defect such that the risk of harm was reasonably foreseeable. Further, defendants did not create an unreasonable risk of harm. One obvious reason that a municipality is not required to maintain perfect sidewalks is that a large area is involved which imposes a great burden on the municipality to maintain it. Equally important, we believe, is that extreme and changeable weather conditions in Illinois are such that slight variations in sidewalk elevations are to be expected; sidewalks cannot be maintained perfectly at all times. See *Warner v. City of Chicago*, 72 Ill. 2d at 111 (Ryan, J., dissenting).

■ It is common knowledge that sidewalks are constructed in slabs for the very reason that they must be allowed to expand and contract with changes in temperature. The *Tracy* court observed that defects in sidewalks may be avoided by pedestrians more easily than defects in stairs. (*Tracy*, 116 Ill. App. 3d at 569-70.) Moreover, because indoor flooring is not exposed to the weather and can be more easily monitored for defects, courts have been more inclined to find smaller defects in flooring actionable. We believe that a minor defect such as the one in the present case is one that a person exercising

ordinary care could have easily avoided. The defect is one which is routinely encountered in an ordinary sidewalk.

There was no unreasonable risk of harm presented by the facts of this case, and we see no compelling reason to require possessors of land to maintain sidewalks perfectly at all times. To require private landowners to monitor sidewalks and to maintain them perfectly at all times seems to us unduly harsh and impractical—especially where, for example, in a shopping center, the outside area exposed to the elements might cover hundreds of thousands of square feet. We emphasize, however, that as the municipality cases have shown, the *de minimis* rule cannot be applied blindly to cover every situation. Its application may very well depend on other factors not present here.

Our conclusion finds support in the decisions of at least two other State jurisdictions which have applied the *de minimis* rule to bar actions against private landowners where the defect was minor. See *Helms v. American Legion, Inc.* (1966), 5 Ohio St. 2d 60, 213 N.E.2d 734 (applying *de minimis* rule for municipalities to private landowners where such minor defects are commonly encountered); *McCormick v. Insured Lloyds Insurance Co.* (La. App. 1986), 488 So. 2d 491 (one-inch elevation in stepping stone walkway leading to shop was minor and did not create unreasonable risk of harm in view of wet climate and absence of other negligent maintenance). But *cf. Dora v. Kroger Co.* (1965), 1 Mich. App. 286, 136 N.W.2d 47 (rule that two-inch depression in sidewalk is nonactionable as matter of law against municipality would not be applied to grocery store proprietor; question was for jury).

Summary judgment is proper where, as here, plaintiff cannot establish the duty element of her negligence action such as by showing that defendant's conduct created a reasonably foreseeable risk of harm or, alternatively, an unreasonable risk of harm. (*Alcorn v. Stepzinski* (1989), 185 Ill. App. 3d 1, 6; *Kirts*, 179 Ill. App. 3d at 873.) The court correctly decided the issue as a matter of law.

The judgment of the circuit court is affirmed.

Affirmed.

McLAREN and QUETSCH, JJ., concur.