LEONA BLEDSOE, Plaintiff-Appellant, v. ROBERT S. DREDGE *et al.*, Defendants-Appellees.

Third District   No. 3—96—0606

Opinion filed June 4, 1997.

HOLDRIDGE, J., dissenting.

M. Michael Waters (argued), of Smith, Waters & Hughes, Ltd., of Peoria, for appellant.

Stephen R. Swofford and Timothy G. Shelton (argued), both of Hinshaw & Culbertson, of Chicago, and Kevin M. Miller, of Hinshaw & Culbertson, of Peoria, for appellees.

JUSTICE HOMER delivered the opinion of the court:

Plaintiff, Leona Bledsoe, was a 59-year-old woman who fell while entering the Hill Arcade Building in Galesburg. Plaintiff filed a negligence action against defendants, owners of the building. The trial court granted defendants' motion for summary judgment. Plaintiff appeals. On appeal, we address the issue of whether defendants were entitled to judgment as a matter of law.

## FACTS

In her complaint, plaintiff alleges that defendants were negligent because they failed to maintain the entryway to their building in a safe condition. The Hill Arcade Building is a privately owned commercial building. The entryway is a large, covered corridor open on the end extending to the outside of the building. The record, which includes photographs, indicates that the marble slab flooring of the entryway has a crack running across it.

Plaintiff alleged that she suffered injury in a fall as a result of the crack in the marble slabs. Plaintiff identified the crack as the location where she fell but could not remember which leg became caught or other specifics. Photographs and deposition testimony in the record indicate that the crack was approximately three-eighths of an inch in deviation.

Defendant Kelly stated that defendants knew for quite some time about the crack in the entryway, perhaps since the time of purchase in 1977. Kelly stated that defendants were concerned about the crack for reasons of appearance, but no one had complained of the crack and no one, to his knowledge, had stumbled because of the crack. The

trial court determined that the defect was *de minimus* and granted summary judgment for the defendants, citing in its order *Hartung v. Maple Investment & Development Corp.*, 243 Ill. App. 3d 811, 612 N.E.2d 885 (1993).

## ANALYSIS

■ In addressing injury claims based on differences in elevations of adjoining municipal sidewalk slabs, Illinois courts have used the well-recognized *de minimus* rule. The rule states that minor municipal sidewalk defects are generally not actionable. *Wagner v. City of Chicago*, 72 Ill. 2d 100, 103-04, 378 N.E.2d 502, 503 (1978); *Arvidson v. City of Elmhurst*, 11 Ill. 2d 601, 604-05, 145 N.E.2d 105, 106-07 (1957). The *de minimus* rule has developed out of the recognition that municipalities should not have a duty to keep all sidewalks in perfect condition at all times. *Gleason v. City of Chicago*, 190 Ill. App. 3d 1068, 1069, 547 N.E.2d 518, 519 (1989). The policy rationale for the rule is that it is too extreme a burden to require a municipality to inspect many miles of sidewalks and repair slight irregularities. *Birck v. City of Quincy*, 241 Ill. App. 3d 119, 123, 608 N.E.2d 920, 923 (1993). Consequently, Illinois courts have determined that certain sidewalk defects are so slight their lack of actionability may be determined as a matter of law. *Warner v. City of Chicago*, 72 Ill. 2d 100, 103-04, 378 N.E.2d 502, 503 (1978).

Application of the *de minimus* rule has recently been extended by the Appellate Court, Second District, to an outdoor, privately owned sidewalk. In *Hartung v. Maple Investment & Development Corp.*, 243 Ill. App. 3d 811, 612 N.E.2d 885 (1993), the plaintiff filed a negligence complaint alleging she tripped on a raised portion of a sidewalk in a privately owned shopping center. The plaintiff estimated that the deviation in the sidewalk where she fell was one-half to three-quarters of an inch. The defendants argued that such a small sidewalk deviation was *de minimus* and as a matter of law could not be the basis of a negligence action. The plaintiff argued that the facts presented a jury question and the *de minimus* rule should not apply to situations where a sidewalk is privately owned. The court held that the *de minimus* rule applies to private owners and possessors of outdoor sidewalks as well as to municipalities. *Hartung*, 243 Ill. App. 3d at 815, 612 N.E.2d at 889.

The court reasoned that, like municipalities, owners of shopping centers should not be required to maintain perfect outdoor sidewalks because of the large area involved and the extreme and changeable weather conditions in Illinois. The court noted that sidewalks are constructed in slabs for the very reason that they must be allowed to

expand and contract with changes in temperature. *Hartung*, 243 Ill. App. 3d at 816, 612 N.E.2d at 889.

In contrast to the factual situation in *Hartung*, the case at bar involves cracked marble slabs located in a partially enclosed entryway. As the *Hartung* court observed, indoor flooring is not exposed to the weather and can be more easily monitored for defects. *Hartung*, 243 Ill. App. 3d at 816, 612 N.E.2d at 889. In the instant case, the entryway is covered and exposed to the weather only on one end. In addition, the entryway could be easily monitored for defects and repaired. Such a covered entryway is not an outdoor sidewalk within the contemplation of the *de minimus* rule. Under such circumstances, as noted in *Hartung*, courts are more inclined to find smaller defects in flooring actionable. *Hartung*, 243 Ill. App. 3d at 816, 612 N.E.2d at 889.

■ In the instant case, the location of the defect is in an entryway to a commercial building that contains shops and businesses. These shops and businesses can be expected to draw patrons using this entryway. In addition, the threshold of the entryway is sloped near the alleged defect, creating a potentially added danger. Also, as we have indicated, monitoring an area such as this entryway is not a burden equivalent to monitoring an expanse of sidewalks. Consequently, we decline to extend the ruling of *Hartung* to the facts of this case.

In reviewing a motion for summary judgment, this court is limited to the record in determining whether any genuine issue of material fact exists and whether the moving party was entitled to judgment as a matter of law. *Bryant v. Glen Oaks Medical Center*, 272 Ill. App. 3d 640, 649, 650 N.E.2d 622, 629 (1995). The standard of review for a summary judgment is *de novo*. *Andrews v. Cramer*, 256 Ill. App. 3d 766, 769, 629 N.E.2d 133, 135 (1993). In this case, we find the circumstances presented a question for the jury and that the defendants were not entitled to judgment as a matter of law.

## CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Knox County is reversed and the case is remanded for further proceedings consistent with this order.

Reversed and remanded.

McCUSKEY, J., concurs.

JUSTICE HOLDRIDGE, dissenting:
I respectfully dissent. I would hold that the trial court was cor-

rect in granting summary judgment based upon the holding of *Hartung v. Maple Investment & Development Corp.*, 243 Ill. App. 3d 811 (1993). Where the surface at issue is exposed to the elements, the *de minimus* rule renders minor defects not actionable as a matter of law. See *Tracy v. Village of Lombard*, 116 Ill. App. 3d 563, 569-70 (1983) (distinguishing "sidewalk" cases from "indoor flooring" cases based upon exposure to the weather).

As in *Hartung*, the defective surface at issue in the matter *sub judice* was exposed to the elements. I see no reason to hold, as the majority does, that the application of the *de minimus* rule depends upon the *degree* of exposure to the elements. I would prefer the certainty of a bright-line test that seems to have developed in the case law interpreting the *de minimus* rule: Where the surface is exposed to the elements, the public or private owner of the surface should not be liable for injuries resulting from slight surface deviations.

For the reasons discussed, I respectfully dissent.