ANN H. HARRIS, Plaintiff-Appellant, v. OLD KENT BANK, Defendant-Appellee.

Second District   No. 2—99—0965

Opinion filed September 1, 2000.

Peter A. Cantwell and Telly Stefaneas, both of Cantwell & Cantwell, of Chicago, for appellant.

Therese S. Seeley, Donald F. Ivansek, and Brian A. Schroeder, all of Cassiday, Schade & Gloor, of Chicago, for appellee.

PRESIDING JUSTICE BOWMAN delivered the opinion of the court:

Plaintiff, 74-year-old Ann Harris, brought a negligence action in the circuit court of Kane County against defendant, Old Kent Bank, for injuries she sustained when she tripped and fell on the sidewalk as she exited the bank. Defendant filed a motion for summary judgment, contending that the height differential between the two slabs of the concrete sidewalk upon which plaintiff tripped was so minor as to constitute a *de minimus* defect and therefore defendant owed plaintiff no duty. The trial court granted defendant's summary judgment motion, and plaintiff appeals.

On appeal plaintiff contends that (1) the trial court erred in granting defendant's motion for summary judgment, as a genuine issue of material fact existed regarding whether the size of the sidewalk defect plaintiff complained of was *de minimus*; and (2) the trial court abused its discretion in denying plaintiff's motion for a continuance of the hearing on the summary judgment motion.

The following facts are taken from the pleadings and the bystander's report. On October 30, 1995, at approximately 12:45 p.m., plaintiff exited defendant's banking facility after transacting business. In the preceding five years plaintiff had transacted business at the bank about once a week. On the date of the incident, the day was clear and dry. Plaintiff walked toward her car, which was parked in the first parking space nearest to the entrance of the bank. Plaintiff did not remember ever parking in this space, as usually another car would be parked there. The parking spot was directly parallel to a portion of the sidewalk leading to the entrance. Photographs of the area showed that the parking lot and sidewalk are outdoors and completely exposed to the elements. Photographs also showed that the sidewalk consisted of a short portion leading from the first parking space to the bank and a longer portion running parallel to the length of defendant's building and adjacent to the other parking spaces for defendant's patrons.

While walking toward her car, plaintiff caught her foot on one of the slabs of the sidewalk that was higher than an adjoining slab. Plaintiff lost her balance and fell forward to the sidewalk. As a result of the fall, plaintiff sustained multiple injuries, including a fractured elbow. Both an ambulance and the St. Charles police department were summoned to the bank.

Neither plaintiff nor anyone else to her knowledge measured the height differential between the two slabs. Officer Charles Nyari of the

St. Charles police department responded to the call regarding the incident at the bank. As a result of his observations and investigation of the incident, he completed a report. According to the report, the height differential between the slabs of sidewalk was "an approximate one inch." Nothing in the officer's report or affidavit indicates whether he measured the height differential.

Following the accident, plaintiff's son took photos of the area where plaintiff allegedly tripped over the sidewalk. At the point where the height differential existed between the two slabs of concrete, plaintiff's son placed a shoe plaintiff had been wearing, as a device for measuring the height differential.

On April 9, 1999, Sandra Holder, defendant's bank manager, learned the precise area where plaintiff claimed to have fallen and measured the height differential of the two sidewalk slabs. The distance from the top plane of the lower slab to the top plane of the higher slab was three-fourths of an inch. According to Holder's deposition testimony, there had been no repairs to the sidewalk since plaintiff's accident.

On October 23, 1997, plaintiff sued defendant for negligence. Defendant answered, denying any liability. In May 1999 defendant filed its motion for summary judgment contending that, pursuant to photographs, Holder's affidavit, and excerpts from plaintiff's discovery deposition, all of which were attached to the motion, and Illinois case law, the height differential between the two sidewalk slabs upon which plaintiff allegedly tripped constituted a *de minimus* sidewalk defect and, therefore, defendant owed plaintiff no duty.

Plaintiff filed a response, attaching the photographs taken by her son, excerpts from her discovery deposition, Officer Nyari's incident report, and excerpts from the discovery deposition of Holder. Plaintiff asserted that the photographs attached to her response "distinctly indicate that there is at least a one-inch, if not larger, disparity" between the two slabs of sidewalk.

At the beginning of the hearing conducted on defendant's summary judgment motion, plaintiff requested that the hearing be continued until (1) defendant complied with its promise to produce certain documents and records that Holder identified during her deposition and (2) plaintiff had the opportunity to submit an affidavit from Officer Nyari regarding his measurement of the one-inch height differential where plaintiff's injuries occurred. Defendant responded that the supplemental production request in question was not yet due and that the items requested were broader and different from those referred to at Holder's deposition. Additionally, the items requested were not relevant to the issue raised in the summary judgment motion pertaining to the *de minimus* height differential of the sidewalk.

Plaintiff maintained that the parties had made an oral agreement during Holder's deposition that the documents would be produced and that defendant was obligated to comply with that promise regardless of whether subsequent written confirmation of the request had been received by defendant. Plaintiff also asserted that the requested documentation was material and relevant to the issues.

Defendant replied by reiterating the difference in scope and nature between the items requested in the written supplemental production request and the items requested at Holder's deposition. Defendant also stated that there had never been any specific agreement to produce the items requested at Holder's deposition but only an agreement that Holder would inquire as to whether certain documents existed.

The court denied plaintiff's request for a continuance but granted plaintiff leave to supplement the record with Officer Nyari's affidavit. The court stated that it would consider the facts as though the affidavit of the officer was in the record.

Defendant then proceeded to present its argument in favor of summary judgment, stating that plaintiff had produced no evidence as to the height differential of the sidewalk; that the measurement taken by defendant's branch manager, Holder, indicated the height differential between the concrete slabs where plaintiff fell was three-fourths of an inch; and that case law held that a height differential under two inches without any other circumstances present may be nonactionable. In particular, defendant relied on *Hartung v. Maple Investment & Development Corp.*, 243 Ill. App. 3d 811 (1993), wherein this court held that a differential between one-half to three-fourths of an inch could not be the basis of a negligence action as a matter of law. Additionally, defendant pointed out that plaintiff had provided no evidence regarding the amount or type of pedestrian traffic using defendant's sidewalks.

In response plaintiff argued that a one-inch differential existed between the sidewalk slabs, as illustrated by plaintiff's photographs with the shoe showing that differential. Plaintiff urged the court to consider Officer Nyari's statement in his police report that an approximately one-inch differential existed in the sidewalk slabs at the time of the incident. Also, plaintiff argued that Holder's measurement should be "suspect" because it was taken several years after plaintiff's fall. Additionally, plaintiff maintained that defendant's entranceway was discrete, *i.e.*, separate and distinct, and heavily traveled. These facts, plaintiff argued, created a heightened duty on defendant's part to maintain the sidewalks leading to the entrance. Finally, plaintiff contended that there was no "bright-line test" regarding what consti-

tuted a *de minimus* sidewalk defect and that this factual issue required a jury determination.

Defendant responded that the holding in *Hartung* was controlling, that under *Ha; tung* the three-fourths-of-an-inch height differential in the present case was not a basis of a negligence claim as a matter of law, and that plaintiff had cited no cases in support of her position that such a measurement was a recognized cause of action. The trial court determined that, to establish a duty with respect to an injury from a fall on a sidewalk, a plaintiff must show that the sidewalk defect is not *de minimus, i.e.,* there must be evidence of the size of the defect and any aggravating circumstances. The court found that plaintiff had failed to prove either of these factors. The court further determined that, under controlling case law, specifically *Hartung*, and on the evidentiary record before it, including what was represented as being contained in Officer Nyari's report, insufficient evidentiary factual material existed to give rise to a legal duty running from defendant to plaintiff with respect to the sidewalk defect in question. The court granted defendant's motion for summary judgment. This appeal ensued.

Following the filing of the briefs in the present case, defendant moved to strike plaintiff's reply brief, asserting that plaintiff had appended certain documents to her brief that were not contained in the record on appeal, specifically, defendant's answers and supplemental answers to plaintiff's interrogatories. Defendant asked this court to strike the appendix and all references to the appended documents from plaintiff's reply brief. Plaintiff filed a response to defendant's motion, contending that the documents had not been filed with the clerk of the circuit court in Kane County because Supreme Court Rule 201(m) (166 Ill. 2d R. 201(m)) prevented their filing. Supreme Court Rule 201(m) provides that "[n]o discovery may be filed with the clerk of the circuit court except upon leave of court or as authorized or required by local rule or these rules." 166 Ill. 2d R. 201(m). In her response, plaintiff maintained that Rule 201(m) should not act as a bar to this court's consideration of defendant's answers and supplemental answers to plaintiff's interrogatories. Plaintiff asserted that the documents were essential to our determination of her second issue, pertaining to the trial court's denial of her motion to continue the hearing on defendant's summary judgment motion until discovery was complete.

We ordered that defendant's motion to strike and plaintiff's objections thereto be taken with the case.

■ Attachments to briefs not included in the record are not properly before the reviewing court and cannot be used to supplement the record. *Carroll v. Faust*, 311 Ill. App. 3d 679, 683 (2000). Here,

plaintiff admits in her response to defendant's motion to strike that defendant had served upon plaintiff its answers and supplemental answers to plaintiff's interrogatories and request for production prior to the summary judgment hearing. Plaintiff states that she contested the propriety of those answers at the hearing. She also asserts that the trial court considered these documents in denying plaintiff's motion to continue the hearing. Because of these facts, plaintiff maintains that this court must consider the appended documents in deciding plaintiff's second issue.

However, if plaintiff wanted this court to consider these documents upon review, she should have moved for leave to file them with the circuit court, as is permitted under Supreme Court Rule 201(m), so that the documents would have been included in the record on appeal. By failing to make the documents a part of the record, plaintiff has precluded our consideration of them on review. Accordingly, defendant's motion to strike is granted, and this court will not rely on the materials appended to plaintiff's reply brief or the references to that material in the brief.

Plaintiff first contends that the trial court erred in granting defendant's motion for summary judgment, as a genuine issue of material fact existed regarding whether the size of the sidewalk defect plaintiff complained of was *de minimus*. Summary judgment should be granted when the pleadings, depositions, and admissions on file, together with the affidavits presented, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Cramer v. Insurance Exchange Agency*, 174 Ill. 2d 513, 530 (1996). Because summary judgment is a drastic means of disposing of litigation, it should be granted only when the right of the moving party is clear and free from doubt. *Swann & Weiskopf, Ltd. v. Meed Associates, Inc.*, 304 Ill. App. 3d 970, 974 (1999). The existence of a duty owed by the defendant to a plaintiff is a question of law, which may be determined on a motion for summary judgment. *Jacob v. Greve*, 251 Ill. App. 3d 529, 534 (1993). This court reviews *de novo* an order granting summary judgment and will view the evidence, and all reasonable inferences drawn therefrom, strictly against the movant and liberally in favor of the opponent. *Scardina v. Alexian Brothers Medical Center*, 308 Ill. App. 3d 359, 363 (1999).

Relying on this court's decision in *Hartung v. Maple Investment & Development Corp.*, 243 Ill. App. 3d 811 (1993), defendant argues that a sidewalk deviation one-half inch to three-fourths of an inch high constitutes such a minor defect that it is *de minimus* and, as a matter of law, cannot be the basis of a negligence action. Plaintiff maintains that the rationale for the *de minimus* rule does not apply to the instant case.

■ In *Hartung* this court extended the application of the *de minimus* rule regarding defective sidewalks to private owners and possessors of land. Previously, the rule applied only to municipalities and developed out of the recognition that municipalities do not have a duty to keep all sidewalks in perfect condition at all times because the economic burden placed on a municipality to repair every defect existing in the miles of sidewalk it maintains would be too great. *Gillock v. City of Springfield*, 268 Ill. App. 3d 455, 457-58 (1994). Thus, slight defects frequently found in traversed areas of municipal sidewalks are not actionable as a matter of law. *Gleason v. City of Chicago*, 190 Ill. App. 3d 1068, 1070 (1989).

The plaintiff in *Hartung* had sustained injuries when she tripped on a raised portion of a sidewalk near a liquor store located in a shopping center owned and managed by the defendant. Plaintiff estimated that there was a one-half-inch to three-fourths-of-an-inch height differential between the two slabs of the sidewalk in the area where she fell, but no one had actually measured the difference in the elevation of the slabs at the time of the occurrence. This court recognized that minor defects such as the one in question may be actionable if other aggravating factors—heavy traffic, for example—were present because a pedestrian might be distracted by such. However, the plaintiff in *Hartung* had not pleaded any other aggravating circumstances in her complaint. Based on this court's review of cases involving defects in municipal sidewalks, we concluded that if the *de minimus* rule applied to a private owner or possessor of land, the defect in *Hartung* could not be, as a matter of law, the basis of a negligence action because, by the plaintiff's own estimate, the defect was only one-half to three-fourths of an inch high and no aggravating circumstances were present. *Hartung*, 243 Ill. App. 3d at 815.

This court then addressed whether the *de minimus* rule applied and found that, like a municipality, which is not an insurer against all accidents, an owner or occupier of land is not an absolute insurer of the safety of an invitee. *Hartung*, 243 Ill. App. 3d at 815-16. Rather, the duty of an owner or occupier of any premises toward invitees is that of reasonable care under the circumstances regarding the state of the premises or acts done or omitted on them, and he must maintain the premises in a reasonably safe condition. *Hartung*, 243 Ill. App. 3d at 816.

The court found that there was no unreasonable risk of harm presented by the facts of the case and no compelling reason to require possessors of land to maintain sidewalks perfectly at all times. In so finding, we referred to the burden placed on municipalities to maintain large expanses of sidewalk subject to the extreme and changeable

weather conditions of Illinois and found similar the burden of the owners of a shopping center, such as the defendant, to maintain sidewalks exposed to the elements that might cover hundreds of thousands of square feet. *Hartung*, 243 Ill. App. 3d at 817. This court determined that a "minor defect" such as the one under review constituted a defect that is encountered in an ordinary sidewalk and one that a person exercising ordinary care could have easily avoided. *Hartung*, 243 Ill. App. 3d at 816-17. We did emphasize, however, that the *de minimus* rule "cannot be applied blindly to cover every situation" and that "[i]ts application may well depend on other factors not present here." *Hartung*, 243 Ill. App. 3d at 817. While we agree with our decision in *Hartung*, we find other factors present in the instant case that distinguish it from *Hartung*.

Because there is no mathematical formula or bright-line test for determining what constitutes a slight or minor defect in a sidewalk, each case must be determined on its own facts. *Warner v. City of Chicago*, 72 Ill. 2d 100, 104 (1978); *Hartung*, 243 Ill. App. 3d at 814. The location of a defect is a determining factor as to whether a defect is actionable. *Gleason*, 190 Ill. App. 3d at 1070.

Defendant maintains the sidewalk defect was only three-fourths of an inch as measured by its branch manager, Holder, nearly 3½ years after the incident in question. However, the delay in obtaining this measurement greatly reduces its probative value. *Warner*, 72 Ill. 2d at 104. Plaintiff presented evidence of the size of the defect in the form of Officer Nyari's affidavit and accompanying incident report. The trial court had allowed plaintiff leave to supplement the record with Officer Nyari's affidavit, stating that it would consider the officer's statements as though they were in the record. In his affidavit Nyari stated that, as a result of his observations and investigation at the scene of the incident, he prepared an "Incident Report." In that report Nyari said that the "concrete walkway outside of the entrance has a portion of the walkway that has an approximate one inch dip causing an uneven surface."

While we recognize that the size of the defect in question is not much different from that of the sidewalk defect in *Hartung,* the sidewalk in the instant case, unlike that in *Hartung*, is not one that runs in front of businesses in a shopping center. Rather, as shown in the photographs in the record, the sidewalk, both the short portion leading from plaintiff's parking space and the longer portion running parallel almost the length of defendant's building and adjacent to other parking spaces for defendant's patrons, is used for ingress and egress to defendant's banking facility. It is unlikely that anyone other than the patrons of the bank would use the sidewalk, as it appears its

exclusive use was by persons entering or leaving the premises. In fact, in its brief defendant states that "the only people who use the sidewalk are people with business to transact at the Bank building."

■ A landowner has a duty to provide a safe means of ingress and egress to his premises for his invitees. *Hanks v. Mount Prospect Park District*, 244 Ill. App. 3d 212, 217 (1993). Section 343 of the Restatement (Second) of Torts sets forth the applicable standard of care for landowners towards their invitees. That section provides:

> "A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
>> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>>
>> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>>
>> (c) fails to exercise reasonable care to protect them against the danger." Restatement (Second) of Torts § 343 (1965).

■ The risk of harm must be reasonably foreseeable. Here, the sidewalk containing the defect provided the only means of ingress and egress to defendant's premises. Further, it is not unreasonable to presume that a patron exiting the premises might be reviewing the receipts of her transactions, looking for her car keys, or looking toward her car and, therefore, would not discover the sidewalk defect. Consequently, the risk of harm was reasonably foreseeable. Also, this was not a situation similar to that of a municipality or shopping center where the burden of repairing all defects on miles or hundreds of thousands of square feet would be substantial (*Gillock*, 268 Ill. App. 3d at 457; *Hartung*, 243 Ill. App. 3d at 816). Here, the economic burden to defendant to repair the defect in the two slabs of concrete would not have been great. Moreover, the amount of sidewalk to be monitored and maintained was small.

Under the particular facts and circumstances of this case where, as noted in the record, plaintiff pleaded in her complaint that defendant "[f]ailed to provide a safe means of ingress and egress for its invitees" and where the sole purpose of the sidewalk in question was to provide access to the only entrance for patrons of defendant's banking facility, we find that a genuine issue of material fact exists as to whether the sidewalk defect was *de minimus*. Accordingly, viewing the evidence and all reasonable inferences therefrom strictly against defendant and liberally in favor of plaintiff, we conclude that the trial court erred in granting defendant's summary judgment motion. In holding as we do, we find it unnecessary to address plaintiff's second issue.

Therefore, for the reasons stated, the judgment of the circuit court of Kane County granting defendant's summary judgment motion is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

HUTCHINSON and GALASSO, JJ., concur.