**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 190345-U

Order filed February 14, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| LYNNE WRIGHT, | ) | Appeal from the Circuit Court |
| | ) | of the 10th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Peoria County, Illinois. |
| | ) | |
| v. | ) | Appeal No. 3-19-0345 |
| | ) | Circuit No. 17-LM-1522 |
| IMI GRAND PRAIRIE NORTH, LLC, d/b/a | ) | |
| The Shoppes at Grand Prairie, | ) | Honorable |
| | ) | Michael P. McCuskey |
| Defendant-Appellee. | ) | Judges, Presiding. |

_____

JUSTICE O'BRIEN delivered the judgment of the court.
Presiding Justice Lytton and Justice Carter concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:  Summary judgment in favor of the owner of a shopping mall in an action by a mall patron to recover for injuries sustained when the patron tripped on the cement sidewalk was reversed because there were questions of fact regarding whether the patron's shopping bag was an aggravating factor causing her trip over a *de minimis* sidewalk defect and whether the mall had constructive notice of the defect.

¶ 2     The plaintiff in an action to recover for injuries sustained in a fall at the defendant's shopping mall appealed the grant of summary judgment in favor of the defendant.

¶ 3                                          FACTS

¶ 4        The plaintiff, Lynne Wright, was injured on July 1, 2017, while shopping with her daughter at The Shoppes at Grand Prairie, a shopping mall owned and/or possessed by the defendant, IMI Grand Prairie North, LLC. The plaintiff filed suit against the defendant, alleging that she fell due to the negligence of the defendant. The plaintiff's amended complaint alleged that she was carrying a shopping bag so that she could not see the unevenness of the pavement, and she tripped and fell.

¶ 5        The defendant filed a motion for summary judgment, arguing that the unevenness in the pavement was so slight that it was not actionable as a matter of law pursuant to the *de minimis* rule. Further, the plaintiff could not show that the defendant had actual or constructive notice of the defect. In support of the motion for summary judgment, the defendant submitted the plaintiff's deposition. The plaintiff testified that she was walking with her daughter and carrying a shopping bag that contained two pairs of shoes. The mall was not crowded, but there were two people walking the opposite direction. The plaintiff greeted the other two people and then when she stepped, her left ankle buckled. She fell on her knee and her face, which required her to have her partial bridge replaced.

¶ 6        The defendant also submitted the deposition of Jason McKee, the operations manager from the defendant's property management firm. McKee testified that the defendant's property was made up of approximately 325 square feet of sidewalk. McKee would walk and drive the property during the weekdays and any weekend day that he was on the property. The part-time maintenance man also performed checks on the area and would report any dangerous conditions. Also, the security firm did daily checks. McKee testified that he did not have any indication prior to the plaintiff's injury from any of these sources of any type of dangerous condition in the area where the plaintiff fell. However, the area at issue had been ground down at least six months prior to the plaintiff's accident because the concrete had risen.

¶ 7    The general manager of the defendant's shopping center, Greg Slowiak, testified that he was in charge of the overall maintenance of the property. Slowiak testified that the weather generally caused concrete sidewalks to become uneven. The location where the plaintiff fell had been previously ground down and had not been ground down again after that date. Slowiak testified that no one paid more attention to the area since it had been ground down because he thought the tripping hazard had been remedied. Prior to the plaintiff's fall, Slowiak testified that he did not know of any other falls in the area. The defendant also submitted photographs showing the defect in the sidewalk where the plaintiff fell.

¶ 8    The trial court granted the defendant's motion for summary judgment. Although the trial court's oral ruling was a little unclear, it stated that there were no genuine issues of material fact and that the defendant was entitled to judgment as a matter of law. The plaintiff appealed.

¶ 9                                                    ANALYSIS

¶ 10    The plaintiff argues that the trial court erred in granting summary judgment to the defendant. First, the plaintiff argues that there was a question of material fact whether the plaintiff's shopping bag was an aggravating factor so that the *de minimis* rule did not apply. Second, the plaintiff argues that the trial court found that there was notice. We review a grant of summary judgment *de novo*, determining whether the pleadings, depositions, admissions, and affidavits on file, when viewed in the light most favorable to the nonmoving party, reveal any genuine issues of material fact that would preclude judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2016); *Brugger v. Joseph Academy, Inc.*, 202 Ill. 2d 435, 446 (2002).

¶ 11    A plaintiff alleging negligence must allege facts establishing that the defendant owed the plaintiff a duty of care, that he breached that duty of care, and that the alleged breach proximately caused the plaintiff's injuries. *Iseberg v. Gross*, 227 Ill. 2d 78, 86-87 (2007). When determining

3

whether the defendant owed the plaintiff a duty of care, courts consider " '(1) the reasonable foreseeability of the injury, (2) the likelihood of the injury, (3) the magnitude of the burden of guarding against the injury, and (4) the consequences of placing that burden on the defendant.' " *St. Martin v. First Hospitality Group, Inc.*, 2014 IL App (2d) 130505, ¶ 12 (quoting *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 436-37 (2006)). The question of whether a duty is owed is a question of law for the court. *Iseberg*, 227 Ill. 2d at 87. The burden to prove all the elements of a negligence claim remains on the plaintiff throughout the proceedings. It is not the defendant's burden to disprove negligence. *Krywin v. Chicago Transit Authority*, 238 Ill. 2d 215, 233 (2010).

¶ 12        The defendant, as an owner or possessor of the mall, had a duty of reasonable care under the circumstances and a duty to maintain the premises in a reasonably safe condition. *Hartung v. Maple Investments and Development Corp.*, 243 Ill. App. 3d 811, 816 (1993). To prevail on a premises liability negligence claim, the plaintiff must prove: (1) a condition on the property presented an unreasonable risk of harm to people on the property; (2) the defendant knew or, in the exercise of ordinary care, should have known of both the condition and the risk; (3) the defendant could reasonably expect that people on the property would not discover or realize the danger or would fail to protect themselves against such danger; (4) the defendant was negligent in one or more ways; (5) the plaintiff was injured; and (6) the defendant's negligence was a proximate cause of the plaintiff's injury. *Hope v. Hope*, 398 Ill. App. 3d 216, 219 (2010).

¶ 13        A property owner does not have a duty to keep all sidewalks in perfect condition at all times; the duty is to maintain the property in a reasonably safe condition. *Hartung*, 243 Ill. App. 3d at 814. Thus, courts have applied a *de minimis* rule, which holds that minor defects in sidewalks are not actionable as a matter of law. *Id.* The *de minimis* rule applies to actions against municipalities and has been extended to private owners of land. *Id.* at 816. The plaintiff

4

acknowledges that the size of the defect in this case, by itself, was *de minimis*, but she contends that her large shopping bag, which the defendant should expect patrons of the mall to carry, was an aggravating factor that prevented her from seeing and avoiding the defect in the sidewalk, so the defect was actionable. See *id.* at 815 (minor defects in a sidewalk may be actionable when there are other aggravating factors such as heavy traffic).

¶ 14     The plaintiff alleged in her amended complaint that her shopping bag prevented her from seeing the defect in the sidewalk. The defendant argues, first, that a shopping bag was not a sufficient distraction so to be an exception to the *de minimis* rule and, second, that the plaintiff's deposition testimony did not support her allegation. We cannot say as a matter of law that a shopping bag can never be an aggravating factor. In this case, the plaintiff alleged that the shopping bag prevented her from seeing the defect. Her deposition testimony was that she was carrying the bag on her left arm, she could not see the defect in the sidewalk, and she fell after her left ankle gave way after stepping on the defect. Reviewing the record in the light most favorable to the plaintiff, with our *de novo* review, we find that there is a question of fact whether her shopping bag was an aggravating factor. See *Harris v. Old Kent Bank*, 315 Ill. App. 3d 894, 902 (2000) (the fact that the defect was at the sole entry to the defendant's business, where plaintiffs are expected to be distracted, was sufficient to create an issue of fact); see also *Warner v. City of Chicago*, 72 Ill. 2d 100, 105 (1978) (in was a question for the jury whether a half inch of snow obscuring a minor defect in a sidewalk was actionable). Thus, the trial court erred in granting summary judgment in favor of the defendant on the basis that the defect was *de minimis* as a matter of law.

¶ 15     With respect to notice, the defendant argues that the plaintiff could not demonstrate that the defendant had knowledge or had reason to know of the defect. The plaintiff argues that the

5

defendant had constructive notice because it had a prior issue in the area, and remedied that area, but had done nothing to change the area so that the problem would not reoccur.

¶ 16    The burden of proving notice is on the party charging it. *Burke v. Grillo*, 227 Ill. App. 3d 9, 18 (1992). In the absence of proof of actual knowledge of a dangerous condition, to prove constructive notice, a plaintiff must show that the hazardous condition existed for a sufficient amount of time or that, through the exercise of reasonable care, the defendant should have discovered the dangerous condition. *Hornacek v. 5th Avenue Property Management*, 2011 IL App (1st) 103502, ¶ 29.

¶ 17    McKee and Slowiak both testified that they had no notice of the complained of condition prior to the plaintiff's fall and were unaware of any employee having such notice, but the exact same area had been ground down several months prior to the plaintiff's fall. Slowiak testified that he thought the problem had been taken care of when it was ground down and that none of the maintenance people paid it any extra attention going forward. Viewing the record in the light most favorable to the plaintiff, we find that there is a question of fact whether the actual knowledge of the prior known issue was sufficient to infer constructive knowledge of the defect on the defendant. The trial court's conflicting oral ruling regarding notice,[1] where he alludes to the notion that he found there was constructive notice, also leaves us with the undeniable feeling that there is a material question of fact sufficient to overcome the defendant's motion. Thus, we also reverse the grant of summary judgment on the basis of notice.

¶ 18                              CONCLUSION

¶ 19    The judgment of the circuit court of Peoria County is reversed and remanded.

---

[1]The record of proceedings of the trial court's decision reads: "I just don't think you can then eliminate actual notice from the testimony into constructive notice ***." That statement seemingly conflicts with the remainder of the trial court's oral ruling and its adoption of the defendant's memorandum in support of summary judgment.

¶ 20        Reversed and remanded.