FIFTH DIVISION

                                                  August 24, 2001

                                                    

No. 1-99-3144

JUDD SIEGEL,

Plaintiff-Appellant,

v.

THE VILLAGE OF WILMETTE,

Defendant-Appellee. 

))))))

)

)

)

)

Appeal from the

Circuit Court of

Cook County

Honorable

Alfred Paul,

Judge Presiding.

PRESIDING JUSTICE QUINN delivered the opinion of the court: 

Plaintiff, Judd Siegel, brought suit against defendant, the Village of Wilmette, for injuries he sustained when he slipped and fell on ice accumulated on a sidewalk owned by defendant, the Village of Wilmette.  Defendant filed a motion for summary judgment which the trial court granted.  On appeal, plaintiff contends that the trial court erred in granting defendant's motion for summary judgment because a reasonable jury could have concluded that the ice was an unnatural accumulation due to the defective nature of the sidewalk.  We affirm.

On January 24, 1996, plaintiff slipped and fell on the sidewalk located at 3108 Wilmette Road in the residential neighborhood were plaintiff lived.  Plaintiff filed a complaint against defendant on January 21, 1997, and alleged that the sidewalk contained sunken sidewalk squares where melting snow accumulated and formed a shallow "ice pool" which existed for a long period of time so that, as more snow became entrapped and froze in the sunken sidewalk squares, an artificial and unnatural accumulation of ice resulted.

Defendant filed an answer denying plaintiff's allegations and argued the following affirmative defenses: (1) plaintiff failed to keep a proper lookout as he walked on the sidewalk; and (2) plaintiff failed to take an alternative route to his destination.  Defendant also argued that it was immune from liability by virtue of its lack of constructive or actual notice pursuant to section 3-102 of the Local Governmental and Governmental Employee Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/3-102 (West 1998)).  Defendant further argued that it was immune from liability by virtue of the fact that the condition was a natural accumulation of snow and/or ice.  745 ILCS 10/3-105(a) (West 1998).  Defendant also asserted that it owed no duty to plaintiff because the condition complained of was open and obvious to plaintiff. 

During plaintiff's deposition, plaintiff testified that he did not look down in front of him before the fall and that he did not notice the ice on the ground until after he fell.  Plaintiff did not know how long the ice had been present before the fall and had no knowledge of whether defendant had received any complaints regarding the condition of the sidewalk.

Lou Siegel, plaintiff's father, was also deposed.  Siegel testified that he photographed the area where plaintiff fell the day after the accident occurred.  Siegel also testified that he did not notice the pooling of water in the area where plaintiff fell.  Since the accident, Siegel had not spoken with any witnesses who were aware that there was any condition in the area where plaintiff fell which involved ice or the pooling of water, nor was Siegel aware of any prior accidents in this area involving people tripping or slipping. 

Richard Hansen, engineer for the Village of Wilmette,  testified that defendant owns approximately 167 miles of sidewalk and each mile has approximately 1,056 slabs of concrete.  The sidewalk slabs can rise and settle, thereby causing cracks and elevation deviations between the slabs.  Hansen 
inspected the sidewalk where plaintiff fell and testified that he noticed the height differential depicted in the photograph he was shown.  Hansen also testified that based on the photographs, it looked as though the sidewalk had a drainage problem.  It is a buildup of the parkway that prevents drainage off the sidewalk.  This happens in developed areas over time where lawn clippings and leaves build up and raise the lawn surface.  According to Hansen, this defect could have existed anywhere between 9 months and 20 years before the accident. 
 

Hansen testified that defendant budgeted $95,000 per year for sidewalk replacement work between the years of 1993 and 1998.  Hansen also testified that defendant uses a vertical displacement of more than an inch and then uses an inch and a half as an indication that some maintenance is required.
 In April 1995, defendant undertook a village-wide survey, the objective of which was to identify sidewalks in need of repair.  The sidewalk where plaintiff fell was not identified in the survey as in need of repair.  

According to Hansen's testimony, cracks could be formed because of the nature of concrete and external sources such as the ground around the sidewalk.  While 75% of the budget for maintenance and repair of sidewalks goes toward sidewalk vertical displacement, the rest is for cracked or missing pieces of sidewalks.  Hansen testified that because the budget is limited, defendant attempts to budget money to replace only hazardous walks. Drainage problems on sidewalks are not considered a main hazard. 

William Dzialo, employed by the village as an engineering inspector, testified that he inspected the sidewalk where plaintiff slipped.  He measured a one-inch rise that extends about a foot and a half from the parkway and then goes back to the grade with the remainder of the sidewalk.  Dzialo also testified that it looked as though the sidewalk was pitched north towards the homeowner's lot.  According to Dzialo, defendant does not distinguish between trip and slip hazards.  The deviation between the heights of two adjacent slabs of sidewalk must be more than 1½ inches in order for the sidewalk to be defined as hazardous. 

After all depositions were taken, defendant filed a motion for summary judgment and argued that the danger was open and obvious; that any reasonable person walking on the sidewalk in question could observe and avoid the icy condition.  Defendant further argued that pursuant to section 2-201 of the Tort Immunity Act (745 ILCS 10/2-201 (West 1998)), it was immune and this immunity was extended to municipalities by virtue of section 2-109 of the Tort Immunity Act.  745 ILCS 10/2-109 (West 1998).  Defendant also argued that the defect was 
de minimis
 and, therefore, it was under no duty to repair it and that it had no actual or constructive notice of the condition.  
 

During the hearing on the motion for summary judgment, plaintiff's counsel argued that the 
de minimis 
rule did not apply to this situation because he slipped on the ice rather than tripped.  Therefore, defendants were liable due to the sloping design of the sidewalk, which allowed the water to pool and eventually led to ice which caused plaintiff's fall.  The trial court granted the motion and found that if a defect of 1⅛ inches or less is
 de minimis,
 such a defect is not actionable because a municipality should not be liable for minor sidewalk defects.  

Plaintiff contends that the trial court erred in granting defendant's motion for summary judgment.  
A reviewing court conducts a 
de
 
novo
 review of the evidence in summary judgment cases.  
Espinoza v. Elgin, Joliet & Eastern Ry. Co.
, 165 Ill. 2d 107, 113, 649 N.E.2d 1323 (1995).  The reviewing court must construe all evidence strictly against the movant and liberally in favor of the nonmoving party.  
Espinoza
, 165 Ill. 2d at 113. "A motion for summary judgment should be granted only where the pleadings, depositions, admissions and affidavits show that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law."  
First of America Trust Co. v. First Illini Bancorp, Inc.
, 289 Ill. App. 3d 276, 283, 685 N.E.2d 351 (1997).  
If reasonable persons could draw different inferences from
 
undisputed facts, summary
 judgment should be denied.  
Smith v. Armor Plus Co.
, 248 Ill. App. 3d 831, 839, 617 N.E.2d 1346 (1993).

Plaintiff argues that the evidence presented demonstrated that the ice upon which plaintiff fell was an unnatural accumulation. 

Defendant asserts that the defect in the sidewalk which caused the accumulation of ice was 
de minimis
 and, therefore, it had no duty to repair it.

Municipalities do not have a duty to maintain all sidewalks in perfect condition at all times.  
Gillock v. City of Springfield
, 268 Ill. App. 3d 455, 457 (1994).  A municipality has no duty to repair a sidewalk defect unless a reasonably prudent person should anticipate danger to persons walking on the sidewalk.  
Arvidson v. City of Elmhurst
, 11 Ill. 2d 601, 604, 145 N.E.2d 105 (1957).  Therefore, 
de minimis
 or slight defects frequently found in traversed areas are not actionable, as a matter of law.  
Arvidson
, 11 Ill. 2d at 604.   There is no bright line test or mathematical formula to determine whether a sidewalk defect is 
de minimis
 or too minor to be actionable.  
Harris v. Old Kent Bank
, 315 Ill. App. 3d 894, 901, 735 N.E.2d 758 (2000).  Thus, each case must be determined on its own facts.  
Hartung v. Maple Investment & Development Corp.
, 243 Ill. App. 3d 811, 814, 612 N.E.2d 885 (1993).   

Plaintiff asserts that the trial court improperly applied the 
de minimis
 rule because this case involved not only a height differential in the sidewalk, but also an alteration in the pitch of the sidewalk which ultimately caused the water to pool and freeze, thereby causing plaintiff to slip and fall.  Plaintiff cites 
McCann v. Bethesda Hospital
, 80 Ill. App. 3d 544, 400 N.E.2d 16 (1979), for the proposition that a cause of action is stated where problems with slope or pitch cause water to pool and form ice.  However, plaintiff apparently overlooks that, with regard to the issue of sloping surfaces, 
McCann
 specifically held: 

"[I]n order to find that the design of a sloping surface created an unnatural accumulation of ice, a plaintiff must present evidence of the dangerous nature of the slope, that the slope was the proximate cause of the plaintiff's injuries and that the landowner had notice of the defect. [Citations.]  Where such evidence has been produced, the issue of whether the slope was a dangerous condition which created an unnatural accumulation of ice is a question of fact for the jury."  
McCann
, 80 Ill. App. 3d at 549-50.  

We hold that, unlike the plaintiff in 
McCann
, plaintiff in the case at bar presented no evidence to suggest that the slope of the sidewalk was excessive and caused an unnatural accumulation of ice at the location where plaintiff fell.  Both Hansen and Dzialo testified that, although they noticed a deviation in pitch, this deviation was approximately one inch and that deviations in height and pitch must be at least 1½ inches before defendant deems the sidewalk hazardous and in need of repair.  We reject plaintiff's argument that the 
de minimis
 rule should not be applied to defects in sidewalks which create an unnatural accumulation of ice.  To accept plaintiff's argument would impose a duty on municipalities to maintain their sidewalks in perfect condition, contrary to the holdings in 
Gillock
 and 
Arvidson
.  Plaintiff further failed to show that the defect in the sidewalk proximately caused his injuries.  Plaintiff admitted in his deposition testimony that he did not look down before he fell and noticed the ice on the ground only after he fell.  

Plaintiff also failed to demonstrate that defendant had actual notice of the condition of the sidewalk prior to the accident.  We must then assess whether there was any triable issue of fact on the question of defendant's constructive notice of the sidewalk defect.  Constructive notice of a condition is said to exist where the condition existed for such a length of time or is so conspicuous or plainly visible that the public entity should have known of its existence by exercising reasonable care and diligence.  
C.D.L., Inc. v. East Dundee Fire Protection District
, 252 Ill. App. 3d 835, 844, 624 N.E.2d 5 (1993).  Hansen testified that a survey was conducted in April 1995 to identify defective sidewalks, just over a year before plaintiff's fall, and that the sidewalk where plaintiff fell was not identified as in need of repair.  Furthermore, the testimony of plaintiff and his father, Lou Siegel, indicates that they did not notice the defect nor did they have knowledge of any complaints from others in the neighborhood regarding the condition of the sidewalk.  Thus, we cannot say that defendant had constructive notice of the defect in the sidewalk.  Therefore, the trial court properly granted defendant's motion for summary judgment.       

Accordingly,  the judgment of the circuit court of Cook County is affirmed in accordance with Supreme Court Rule 23(b) (166 Ill. 2d R. 23(b)). 

Affirmed.

THEIS and REID, JJ., concur.