# ILLINOIS OFFICIAL REPORTS

## Appellate Court

***Perfetti v. Marion County, Illinois*, 2013 IL App (5th) 110489**

| | |
|---|---|
| Appellate Court Caption | ROY PERFETTI, Plaintiff-Appellant, v. MARION COUNTY, ILLINOIS, an Illinois Municipal Corporation, MARION COUNTY HIGHWAY DEPARTMENT, a Political Subdivision of Marion County, Illinois, and KINMUNDY TOWNSHIP, Illinois, an Illinois Municipal Corporation, Defendants-Appellees. |
| District & No. | Fifth District<br>Docket No. 5-11-0489 |
| Rule 23 Order filed<br>Motion to publish<br>granted<br>Opinion filed | January 28, 2013<br><br>March 7, 2013<br>March 7, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | A verdict was properly directed for defendant county pursuant to section 3-102(a) of the Tort Immunity Act in an action alleging that the county was guilty of negligence and willful and wanton misconduct in connection with an unsafe roadway which caused plaintiff's injury in a one-vehicle accident, since plaintiff presented no evidence that the county had actual or constructive notice of the defective condition and plaintiff had the burden of proving such notice. |
| Decision Under Review | Appeal from the Circuit Court of Marion County, No. 06-L-46; the Hon. Michael D. McHaney, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal

Daniel F. Goggin, of Greenville, for appellant.

Joseph A. Bleyer, of Bleyer & Bleyer, of Marion, for appellees.

Panel

JUSTICE WEXSTTEN delivered the judgment of the court, with opinion.

Justices Welch and Goldenhersh concurred in the judgment and opinion.

## OPINION

¶ 1    The plaintiff, Roy Perfetti, filed an action in the circuit court of Marion County against the defendants, Marion County, Illinois, Marion County Highway Department, and Kinmundy Township, alleging that the defendants' negligence and willful and wanton misconduct with regard to an unsafe roadway caused a one-vehicle collision that resulted in his injury. The circuit court dismissed the plaintiff's cause against Kinmundy Township, and the plaintiff elected to proceed solely against Marion County. At the close of the plaintiff's evidence before the jury, the circuit court granted Marion County's motion for a directed verdict.

¶ 2    On appeal, the plaintiff argues that the circuit court's directed verdict was not based on the evidence, that Marion County did not plead or argue an affirmative defense for which a directed verdict could be granted, that it prematurely moved for a directed verdict, and that it was not immune pursuant to section 2-201 of the Illinois Local Governmental and Governmental Employees Tort Immunity Act (the Tort Immunity Act) (745 ILCS 10/2-201 (West 2006)). We affirm.

¶ 3                                    BACKGROUND

¶ 4    On June 30, 2006, the plaintiff filed a complaint alleging that despite its actual and/or constructive knowledge of the unsafe roadway construction of Kinoka Road, Marion County negligently and willfully and wantonly constructed, designed, failed to maintain, and failed to repair the allegedly defective roadway. The plaintiff further alleged that Marion County negligently and willfully and wantonly allowed the roadway to remain in a defective condition, failed to warn of the defective condition of the roadway, failed to protect the plaintiff from the hazardous condition in the roadway, and improperly permitted the plaintiff and other users to use the roadway. The plaintiff alleged that the unsafe construction, maintenance, and condition of Kinoka Road caused him to lose control of his vehicle and suffer extensive injuries. The plaintiff alleged that as a direct and proximate result of Marion County's acts or omissions, he suffered injuries to his neck, shoulder, and back.

¶ 5      In response to the plaintiff's complaint, Marion County asserted as affirmative defenses contributory negligence, immunity under section 3-102 of the Tort Immunity Act (745 ILCS 10/3-102 (West 2006)), and immunity under section 2-201 of the Tort Immunity Act (745 ILCS 10/2-201 (West 2006)). Citing section 3-102 of the Tort Immunity Act (745 ILCS 10/3-102 (West 2006)), Marion County argued that it had neither actual nor constructive notice of the existence of the allegedly unsafe condition at a reasonably adequate time prior to the plaintiff's accident to take measures to remedy or protect against such conditions. In asserting immunity pursuant to section 2-201 of the Tort Immunity Act (745 ILCS 10/2-201 (West 2006)), Marion County asserted that it was not liable for injuries resulting from the Marion County highway engineer's act or omission in determining policy and exercising his discretion.

¶ 6      At the jury trial on October 11, 2011, the plaintiff presented the following pertinent evidence, viewed for our purposes in the light most favorable to the plaintiff.

¶ 7      On September 7, 2005, the plaintiff was driving eastbound on Kinoka Road in Marion County, Illinois. As he descended a hill, his truck abruptly shook, flipped, and rolled into a ditch. The plaintiff suffered injuries and was transported by ambulance to the hospital. After the accident, the plaintiff continued to experience sharp pains in his right shoulder and was unable to raise his arm.

¶ 8      On the day of the accident, the plaintiff returned to the accident scene with his son Donald. The plaintiff witnessed what he described as "nothing but bubbles" in the road. The plaintiff further described the road as "all ripples and spongy." The plaintiff testified that when he stood on the road and moved his feet, the road moved three feet in front, "like standing on a bowl of Jello." The plaintiff testified that the ripples were evident completely across the road and 50 to 75 feet going downhill. On cross-examination, the plaintiff acknowledged that he had to exit his vehicle to view the road's condition.

¶ 9      Donald also described the road as "wavy," "spongy," and "mushy." Donald testified that when he stood on the roadway, it sank. Donald photographed the road, evidencing the ripples. The plaintiff returned the following day with his son Paul and took additional photographs, which were offered into evidence along with Donald's photos. Paul described the road as a "[w]ashboard [with] a ripple effect in the road." Paul testified that the road moved when stepped upon and that the defect in the roadway covered a 70-yard area.

¶ 10     Jerry Cunningham, the Marion County highway engineer, testified that he was not aware of the plaintiff's accident until the following year. Jerry testified that Marion County was responsible for the condition of Kinoka Road, which experienced heavy semitruck traffic at the time of the plaintiff's accident. Jerry acknowledged that there were sections of the highway at issue, including the first mile of the accident location, that Marion County had been monitoring. Jerry testified that he was aware that the road condition described by the plaintiff may occur from "bleeding," which he had knowledge of in that area. Jerry testified that he would drive through the area and inspect it visually, stopping to look at anything unusual. Jerry testified that he last inspected the section of the area where the accident occurred by driving the roadway two days before the accident and that he did not observe anything unsafe. Jerry acknowledged that he did not exit his vehicle to inspect the road and

that he would not have been able to observe the squishy quality of the roadway from his vehicle. Jerry testified that he had the discretion to determine maintenance on the roadways.

¶ 11    At the close of the plaintiff's evidence, Marion County filed a motion for directed verdict. In its motion, Marion County asserted that the plaintiff had failed to show that it was obligated to perform acts charged against it, that no evidence supported the allegations of negligence, that the plaintiff was contributorily negligent, and that it was immune from liability pursuant to section 2-201 of the Tort Immunity Act. Marion County orally argued that it was entitled to a directed verdict pursuant to both section 2-201 of the Tort Immunty Act (745 ILCS 10/2-201 (West 2006)) and section 3-102 of the Tort Immunity Act (745 ILCS 10/3-102 (West 2006)). After hearing arguments, the circuit court stated that it had found "not one scintilla of evidence *** that [Marion] County had actual or constructive knowledge of the existence of any condition that was not reasonably safe with respect to Kinoka Road." Accordingly, the circuit court granted Marion County's motion for directed verdict, entering its written judgment on October 13, 2011. On November 9, 2011, the plaintiff filed a notice of appeal.

¶ 12                                    ANALYSIS

¶ 13    On appeal, the plaintiff argues that the circuit court's directed verdict was not based on the evidence.

¶ 14    "A directed verdict *** is properly entered in those limited cases where 'all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors [the] movant that no contrary verdict based on that evidence could ever stand.' (*Pedrick* [*v. Peoria & Eastern R.R. Co.*], 37 Ill. 2d [494,] 510 [(1967)].)" *Maple v. Gustafson*, 151 Ill. 2d 445, 453 (1992). In ruling on a motion for directed verdict, a court may not weigh the evidence, nor is it concerned with the credibility of the witnesses; rather, it may only consider the evidence, and any inferences therefrom, in the light most favorable to the party opposing the motion. *Id.*

¶ 15    A motion for directed verdict presents a question of law as to whether, when all of the evidence and reasonable inferences therefrom are viewed in an aspect most favorable to the plaintiff, there is a total failure or lack of evidence to prove any necessary element of the plaintiff's case. *Lawlor v. North American Corp. of Illinois*, 2012 IL 112530, ¶ 37; *Sullivan v. Edward Hospital*, 209 Ill. 2d 100, 123 (2004). "A directed verdict in favor of a defendant is appropriate when the plaintiff has not established a *prima facie* case." *Sullivan*, 209 Ill. 2d at 123. "A plaintiff must present at least some evidence on every essential element of the cause of action or the defendant is entitled to judgment in his or her favor as a matter of law." *Id.* "If the plaintiff fails to produce a required element of proof in support of her cause of action, then no cause is presented for the jury's consideration and the entry of a directed verdict for the defendant is proper." *Id.* The standard for entry of a directed verdict is a high one and is not appropriate if reasonable minds may differ as to inferences or conclusions to be drawn from the facts presented. *Lawlor*, 2012 IL 112530, ¶ 37. "Our standard of review is *de novo*." *Id.*

¶ 16    "To recover damages based upon a defendant's alleged negligence, a plaintiff must allege

and prove that the defendant owed a duty to the plaintiff, that [the] defendant breached that duty, and that the breach was the proximate cause of the plaintiff's injuries." *First Springfield Bank & Trust v. Galman*, 188 Ill. 2d 252, 256 (1999). "[T]here is a duty of ordinary care owed *** by municipal corporations to keep streets and sidewalks safe for the use of those who are themselves exercising ordinary care." *First National Bank in De Kalb v. City of Aurora*, 71 Ill. 2d 1, 12 (1978); see *Hennigs v. Centreville Township*, 56 Ill. 2d 151, 154 (1973); *Kirschbaum v. Village of Homer Glen*, 365 Ill. App. 3d 486, 493 (2006); *Long v. Friesland*, 178 Ill. App. 3d 42, 51 (1988). The local government is to maintain a sufficient portion of the right-of-way in a safe and passable condition to serve the reasonable needs of the public in that locality. *DiBenedetto v. Flora Township*, 153 Ill. 2d 66, 71 (1992). "This is a question of law." *First National Bank in De Kalb*, 71 Ill. 2d at 12. "It then becomes a question of fact whether the standard of conduct, proceeding from this duty, was violated" by the local government's acts or omissions. *Id.*

¶ 17    The tort liability of a local governmental entity is governed by the Tort Immunity Act. *DiMarco v. City of Chicago*, 278 Ill. App. 3d 318, 322 (1996). The purpose of the Tort Immunity Act is to protect local governments and their employees from liability arising out of the operation of government. *Id.* Section 3-102(a) of the Tort Immunity Act addresses the duty of a local governmental entity to maintain its property and states:

"(a) Except as otherwise provided in this Article, a local public entity has the duty to exercise ordinary care to maintain its property in a reasonably safe condition for the use in the exercise of ordinary care of people whom the entity intended and permitted to use the property in a manner in which and at such times as it was reasonably foreseeable that it would be used, and shall not be liable for injury unless it is proven that it has actual or constructive notice of the existence of such a condition that is not reasonably safe in reasonably adequate time prior to an injury to have taken measures to remedy or protect against such condition." 745 ILCS 10/3-102(a) (West 2006).

¶ 18    The Illinois Supreme Court has noted that section 3-102(a)'s purpose is not to grant defenses and immunities but to codify, for the benefit of intended and permitted users, the common law duty of a local public body to properly maintain its roads. *Wagner v. City of Chicago*, 166 Ill. 2d 144, 152-53 (1995). The supreme court has further stated that pursuant to section 3-102(a) of the Tort Immunity Act, if a municipal corporation breaches its duty to maintain its property in a reasonably safe condition, even a negligent plaintiff may recover to the extent permitted under principles of comparative negligence. *Id.* at 153.

¶ 19    Constructive notice under section 3-102(a) of the Tort Immunity Act is established where the condition has existed for such a length of time or is so conspicuous or plainly visible that the public entity should have known of its existence by exercising reasonable care and diligence. *Siegel v. Village of Wilmette*, 324 Ill. App. 3d 903, 908 (2001); *Ramirez v. City of Chicago*, 318 Ill. App. 3d 18, 22 (2000); *Burke v. Grillo*, 227 Ill. App. 3d 9, 18 (1992). "The burden of proving notice is on the party charging it." *Burke*, 227 Ill. App. 3d at 18; *Finley v. Mercer County*, 172 Ill. App. 3d 30, 33-34 (1988); *Pinto v. DeMunnick*, 168 Ill. App. 3d 771, 774 (1988). Although the issue of notice is normally one of fact, it becomes a question of law which may be determined by the court if all of the evidence, when viewed in the light most favorable to the plaintiff, so overwhelmingly favors the defendant public entity that no

contrary verdict could stand. See *Ramirez*, 318 Ill. App. 3d at 22; *Pinto*, 168 Ill. App. 3d at 774.

¶ 20    In the present case, the plaintiff failed to present evidence that Marion County had actual or constructive notice that the roadway in question was not in a reasonably safe condition prior to the plaintiff's injury. Jerry testified that he was aware that such a road condition may occur from "bleeding" and that he had knowledge of "bleeding" in that particular area. However, Jerry testified that he had last inspected the accident location by driving the roadway two days before the accident and that he did not observe anything unsafe. The plaintiff acknowledged that when he returned to the scene after the accident, he had to exit the vehicle to view the road's defective condition. Jerry testified that during his inspection, he did not exit his vehicle.

¶ 21    Under these circumstances, we find that the plaintiff failed to present evidence that Marion County had actual notice of the defective condition of the roadway or that the defective condition of the roadway was apparent for such a length of time or was so conspicuous or plainly visible that Marion County should have known of its existence by exercising reasonable care and diligence. See *Siegel*, 324 Ill. App. 3d at 908 (defendant did not have constructive notice of defect in sidewalk where a survey conducted a year before plaintiff's fall did not identify sidewalk as in need of repair, and testimony of plaintiff and plaintiff's father indicated that they did not notice the defect nor did they have knowledge of any complaints from others in the neighborhood); *Burke*, 227 Ill. App. 3d at 18 (defendant did not have constructive notice of hole where no evidence revealed hole was conspicuous or had been seen prior to the accident, even though evidence described the hole as being 2½ feet long, 8 inches wide, and 4 inches deep and as existing for more than a year prior to fall); *Cook v. Gould*, 109 Ill. App. 3d 311, 316 (1982) (defendant did not have actual or constructive notice of oil slick on the street prior to the motorcycle mishap where oil slick was inconspicuous and no one had noticed or reported any problems). Because the plaintiff failed to present sufficient evidence of Marion County's actual or constructive notice of the defective roadway, the circuit court properly entered a directed verdict in Marion County's favor. See *Pinto*, 168 Ill. App. 3d at 775 (trial court should have entered directed verdict in village's favor where, even though village was aware of general sinkhole problem, plaintiff who fell in sinkhole failed to present sufficient evidence that hole was plainly visible or apparent to permit inference that village was constructively notified).

¶ 22    The plaintiff argues that Marion County did not plead or argue an affirmative defense for which a directed verdict could be granted. The plaintiff cites no authority in his brief to support this argument. "[I]t is well settled that a contention that is supported by some argument but does not cite any authority does not satisfy the requirements of Supreme Court Rule 341(h)(7), and bare contentions that fail to cite any authority do not merit consideration on appeal." *In re Marriage of Johnson*, 2011 IL App (1st) 102826, ¶ 25. Moreover, as noted by Marion County, the plaintiff failed to advance this argument before the circuit court. See *Bank of Carbondale v. Kansas Bankers Surety Co.*, 324 Ill. App. 3d 537, 539-40 (2001) ("It is well settled that an argument not advanced in the trial court is waived for purposes of review.").

¶ 23    Notwithstanding his forfeiture, we note that the burden of proving notice is on the

plaintiff. See *Burke*, 227 Ill. App. 3d at 18 (to prove claim under section 3-102 of the Tort Immunity Act, the plaintiff has burden to provide facts showing that the city had constructive notice of the condition); *Finley*, 172 Ill. App. 3d at 33-34 (to obtain a judgment against the county, the plaintiffs had to prove that the county had constructive notice of the allegedly twisted sign). Marion County clearly asserted its lack of notice under section 3-102 of the Tort Immunity Act in response to the plaintiff's complaint and argued the issue before the circuit court as a basis for granting its motion for directed verdict. We find no error.

¶ 24 The plaintiff argues that the defendant moved prematurely for directed verdict. To support his argument, the plaintiff cites *Gutstein v. City of Evanston*, 402 Ill. App. 3d 610 (2010).

¶ 25 In *Gutstein*, the plaintiff filed suit against the City of Evanston (City), alleging that she fell and suffered injuries to her elbow resulting from the municipality's negligent maintenance of an unimproved alley in back of the plaintiff's home. *Id.* at 611. On appeal, the City argued that the plaintiff was not an intended user of the alley pursuant to section 3-102(a) of the Tort Immunity Act (745 ILCS 10/3-102(a) (West 2008)). *Gutstein*, 402 Ill. App. 3d at 611. The appellate court in *Gutstein* concluded that the circuit court acted well within its discretion when it determined as a matter of law that the plaintiff was an intended user of the alley. *Id.* at 621.

¶ 26 Here, Marion County did not dispute that the plaintiff was an intended user of the roadway. Instead, Marion County argued, *inter alia*, that it did not have actual or constructive notice of the condition of the roadway to impose liability pursuant to section 3-102(a) of the Tort Immunity Act (745 ILCS 10/3-102(a) (West 2006)). In *Gutstein*, the jury had answered a special interrogatory, finding that the City did have notice of the condition of the alley prior to the plaintiff's injury, and on appeal, the court in *Gutstein* did not address the City's lack of actual or constructive notice, the basis that supported the circuit court's directed verdict in the case *sub judice*. *Gutstein*, 402 Ill. App. 3d at 615. We therefore find *Gutstein* inapposite for purposes of our review on this issue.

¶ 27 We hereby conclude that the circuit court properly entered a directed verdict pursuant to section 3-102(a) of the Tort Immunity Act (745 ILCS 10/3-102(a) (West 2006)) because the plaintiff failed to present evidence that Marion County had actual or constructive notice of the allegedly defective roadway prior to the plaintiff's injury. Accordingly, we need not address the plaintiff's contention that Marion County was not immune from liability pursuant to section 2-201 of the Tort Immunity Act (745 ILCS 10/2-201 (West 2006)).

¶ 28                                    CONCLUSION

¶ 29 For the foregoing reasons, the order of the circuit court of Marion County granting Marion County's motion for a directed verdict is affirmed.

¶ 30 Affirmed.